UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| IREDELL SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Cause No. 3:19-CV-145 RLM-MGG |
| | ) | |
| EDDY BEAN and ETHEL BEAN, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

Iredell Sanders filed a complaint against Eddy and Ethel Bean. Mr. Sanders has also filed a concurrent motion to proceed in forma pauperis against both entities. Mr. Sanders qualifies for a filing fee waiver, but his complaint fails to state a claim upon which relief can be granted, so the court denies his motion to proceed in forma pauperis and dismisses his case.

This court "may screen the complaint prior to service on the defendants, and must dismiss the complaint if it fails to state a claim." Rowe v. Shake, 196 F.3d 778, 783 (7th Cir. 1999). The court must dismiss an in forma pauperis complaint if it fails to state a claim under 28 U.S.C. § 1915(e)(2)(B). Both 28 U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(b)(6) have the same standard. Luevano v. Wal-Mart Stores, Inc., 722 F.3d 1014, 1027 (7th Cir. 2013). To state a claim, a complaint need only contain a short and plain statement showing that the plaintiff is entitled to relief. See EEOC v. Concentra Health Servs., Inc., 496 F.3d 773, 776 (7th Cir. 2007). The court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of Mr. Sanders. See Hecker v. Deere & Co., 556 F.3d 575, 580

(7th Cir. 2009). A complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Adams v. City of Indianapolis, 742 F.3d 720, 728 (7th Cir. 2014). "Specific facts are not necessary; the statement need only give the defendant fair notice of what . . . the claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007). The court will interpret Mr. Sanders' complaint liberally because he's litigating without counsel. *See* Ray v. Clements, 700 F.3d 993, 1002 (7th Cir. 2012).

Mr. Sanders claims that Eddy and Ethel Bean committed perjury and broke a verbal contract during a child guardianship hearing. Mr. Sanders asks that this court invalidate any judicial actions stemming from the guardianship hearing, monetary compensation, a public apology from Eddy and Ethel Bean, or, in the alternative, ninety days in jail for the defendants.

The court doesn't have the judicial power to hear this case. While the ability to bring a case under 42 U.S.C. § 1983 is broad there are caveats. One of these caveats are domestic-relations lawsuits. The "domestic-relations exception" discourages federal courts from hearing cases – including both diversity and federal-question lawsuits – that would traditionally fall within the ambit of domestic-relations or family courts. Jones v. Brennan, 465 F.3d 304, 306 (7th Cir. 2006); Marshall v. Marshall, 547 U.S. 293, 305-306 (2006);

Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992); Friedlander v. Friedlander, 149 F.3d 739, 740 (7th Cir. 1998).

The exception itself covers a "narrow range of domestic relations issues involving the granting of divorce, decrees of alimony," and child custody orders. Ankenbrandt, 504 U.S. at 701–702. It is "materially identical" to the probate exception. Struck v. Cook Cnty. Pub. Guardian, 508 F.3d 858, 859 (7th Cir. 2007); Jones, 465 F.3d at 306–307 (probate exception); Allen, 48 F.3d at 262 n.3 (7th Cir. 1995) (domestic relations exception). Both are construed narrowly, with a focus on the need to prevent federal courts from "disturb[ing] or affect[ing] the possession of property in the custody of a state court." Marshall v. Marshall, 547 U.S. at 311 (quoting Markham v. Allen, 326 U.S. 490, 494 (1946)). Mr. Sanders' claims against Eddy and Ethel aren't claims over which the district court has jurisdiction. Dawaji v. Askar, 618 Fed. Appx. 858, 860 (7th Cir. 2015) (no jurisdiction over child custody dispute); Friedlander v. Friedlander, 149 F.3d 739, 740 (7th Cir.1998) (same). Mr. Sanders' 42 U.S.C. § 1983 claim must therefore be dismissed.

Accordingly, Mr. Sanders's motion for leave to proceed in forma pauperis [Doc. No. 2] is DENIED and his complaint [Doc. No. 1] is DISMISSED. The Clerk is directed to enter judgment accordingly.

SO ORDERED.

ENTERED:   May 1, 2019

/s/ Robert L. Miller, Jr.
Judge, United States District Court